UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BALBIR S. TULI, | ) | CASE NO. 5:12CV02426 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| ALSTOM GRID INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on Defendant Alstom Grid Inc.'s (hereinafter "Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. Doc. 16. For the following reasons, Defendant's motion is GRANTED.

**I.    FACTS AND PROCEDURAL HISTORY**

Consort Construction Ltd. ("Consort") and Sprecher & Schuh Ltd. ("Sprecher & Schuh") entered into sub-contracts in 1982 for a project in Iraq. Doc. 13. Balbir S. Tuli (hereinafter "Plaintiff") brings claims on behalf of Consort that arise under these sub-contracts. *Id*. In 2002, the United States Bankruptcy Court in Plaintiff's Chapter 11 Plan of Reorganization preserved and confirmed Plaintiff's claims under the sub-contracts. *Id*. The sub-contracts include binding arbitration clauses requiring any dispute to be taken to the International Court of Arbitration ("ICC") and that Swiss law governs the dispute. *Id*.

Plaintiff asserts that Defendant is the successor-in-interest to Sprecher & Schuh. *Id*. In 2012, pursuant to the terms of the sub-contracts, Plaintiff initiated an arbitration proceeding against Defendant in front of the ICC. *Id*. Defendant refuses to arbitrate on the basis that it is not the successor-in-interest to Sprecher & Schuh and, therefore, not a party to the sub-contracts. *Id*. After Defendant refused, Plaintiff requested a meeting with Defendant and its engineer to

settle as many claims as possible before arbitration.[1]  *Id*.  To this date, Plaintiff has not received a response and the arbitration remains pending.

Plaintiff, *pro se*, filed his Complaint on September 27, 2012.  Doc. 1.  Plaintiff filed his Amended Complaint on December 27, 2012.  Doc. 13.  The relief sought under the Amended Complaint is for the Court to declare the parties' rights to settle claims with the engineer, to direct the Defendant to schedule a meeting with the engineer, and to appoint an arbitrator for claims not settled with the engineer.  *Id*.  Defendant filed its Motion to Dismiss under Federal Rules of Procedure 12(b)(1) and 12(b)(6) on January 9, 2013.  Doc. 16.  Plaintiff responded to the motion on March 6, 2013.  Doc. 24.  Defendant replied to Plaintiff's response on March 19, 2013.  Doc. 32.[2]

## II. LEGAL STANDARD

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the Court must view the facts and allegations pled in the complaint as true and construed in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974).  In determining a motion to dismiss for failure to state a claim, the Court must determine whether plaintiff's complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).  "Furthermore, the Court must hold *pro se* complaints to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519,

---

[1] Plaintiff seeks a meeting with Defendant and its engineer in order to correct any deficiencies in the sub-contracts and attempt to settle as many claims as possible outside of arbitration.  Doc. 13.  The sub-contracts do not require a meeting with an engineer prior to arbitration.  *Id*.

[2] On June 17, 2013, Plaintiff filed a Motion for Leave to Amend First Amended Complaint.  Docs. 40 and 41.  The proposed Amended Complaint would add facts and records of Plaintiff's prior bankruptcy case and arbitration proceedings.  Doc. 40.  The proposed Amended Complaint does not alter this opinion; therefore, the motion is denied.

520, 92 S.Ct. 594, 596 (1972).  Lastly, the Court should determine a motion to dismiss for lack of subject matter jurisdiction before a motion to dismiss for failure to state a claim.[3]  *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776 (1946) (stating that to determine whether the complaint states a claim jurisdiction must be presumed).

### III. LEGAL ANALYSIS

This Court does not have jurisdiction to hear this case because of the binding arbitration clauses in the sub-contracts.  Under Title 9, Section 2 of the United States Code, arbitration clauses are "valid, irrevocable, and enforceable" unless the parties are challenging the formation of the contract.  9 U.S.C.A. §2.  District courts may have limited jurisdiction over a case with a binding arbitration clause if "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" asks the Court to compel arbitration.  9 U.S.C.A. §4.

In this case, neither party is challenging the validity of the arbitration clauses or the underlying sub-contracts.  Doc. 13 and 16.  Accordingly, this Court only has jurisdiction to hear matters that are before it pursuant to 9 U.S.C.A. §4.  However, in Plaintiff's Amended Complaint, his prayer for relief does not include a request for this Court to compel Defendant to arbitrate.[4]  Doc. 13.  Because the binding arbitration clause controls and Plaintiff seeks relief other than for this Court to compel Defendant to arbitrate, the matter is not properly before this Court.

---

[3] Also pending before this Court is Plaintiff's motion to covert Defendant's Motion to Dismiss to a Motion for Summary Judgment.  Doc. 22.  This motion is denied.  Plaintiff seeks this conversion in order to receive extra time to conduct discovery.  Additional discovery will not alter the Court's lack of jurisdiction based on the binding arbitration clause.  *See Solomon v. Solomon*, 516 F.2d 1018, 1027 (3rd Cir. 1975) (holding that an issue of lack of subject matter jurisdiction should be adjudicated by a motion to dismiss rather than a motion for summary judgment).

[4] The issue of whether Defendant is the proper party to the arbitration is before the arbitration panel.

## IV. CONCLUSION

For the reasons set forth herein, the Defendant's motion to dismiss is GRANTED. The complaint is hereby dismissed.

IT IS SO ORDERED.

DATE: October 23, 2013 */s/ John R. Adams*_____
Judge John R. Adams
UNITED STATES DISTRICT COURT

4